RUSSELL B. SMITH, WESTERLY SAVINGS BANK, A CORPORATION, AND WILLIAM HOCKER, APPELLANTS, v. MARIAM L. CONNOR, APPELLEE.

Upon bill filed for an injunction affirmative relief by way of foreclosure should not be granted to a defendant upon an answer in the absence of a cross bill.

This case was decided by Division A.

Appeal from the Circuit Court for Lake County.

The facts in the case are stated in the Opinion of the Court.

*William Hocker*, for Appellants;

*E. W. Davis*, for Appellee.

WHITFIELD, J.: The appellee filed an original bill in equity in the circuit court for Lake county, praying for an order enjoining Russell B. Smith, his agents, servants and employes, and L. W. Duval, special master, from selling certain real estate under a decree of foreclosure in a case in which the appellee and other persons were defendants, and further praying that said decree against appellee and others be declared null and void. The Westerly Savings Bank, a corporation, claiming to be the assignee of Russell B. Smith, and William Hocker, alleging an interest in the decree assailed, were upon their own application made defendants in this cause. Answers were filed by William Hocker and the Westerly Savings Bank. The court granted affirmative relief to Russell B. Smith or his assignee, on the answers, no cross bill being

filed. The decree also perpetually enjoined the special master from selling a portion of the land. Even if this bill is properly brought, affirmative relief of foreclosure cannot be granted in this suit to a defendant upon an answer in the absence of a cross bill. All proper parties to a decree should be made parties to a suit properly intituted to declare such decree null and void. The parties to the decree sought to be set aside except the appellant Russell B. Smith, were not made parties to this suit. The necessity for an original bill does not now appear. The condition of the transcript brought here is such that we will not undertake to discuss other questions.

The decree is reversed and the cause is remanded for proper proceedings.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR and PARKHILL, JJ., concur in the opinion;

HOCKER, J., disqualified.